Hc
J60
M

Pro Se 14 (Rev. 10/16) Complaint for Violation of Civil Rights (Prisoner)

# UNITED STATES DISTRICT COURT
## for the
## NORTHERN DISTRICT OF ALABAMA

2019 NOV 27 A 10: 23

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | |
|---|---|
| AUNDRA DEBREL BOYKINS<br>*Plaintiff*<br>(Write your full name. No more than one plaintiff may be named in a complaint.) | Case No.: 4:19-CV-1934-ACA-JEO<br>*(to be filled in by the Clerk's Office)* |
| -v-<br>JEFFERSON DUNN AND THE<br>ALABAMA DEPARTMENT OF CORRECTIONS, et al.<br><br>*Defendant(s)*<br>(Write the full name of each defendant who is being sued. If the names of all of the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names. Do not include addresses here. Your complaint may be brought in this court only if one or more of the named defendants is located within this district.) | |

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
(Prisoner Complaint)

---

**NOTICE**

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee of $400.00 or an Application to Proceed *In Forma Pauperis*.

Mail the original complaint and the filing fee of $400.00 or an Application to Proceed *In Forma Pauperis* to the Clerk of the United States District Court for the Northern District of Alabama, Room 140, Hugo L. Black U.S. Courthouse, 1729 5th Avenue North, Birmingham, Alabama 35203-2195.

---

I. **The Parties to this Complaint**

A. **The Plaintiff**

Provide the information below for the plaintiff named in the complaint.

| | |
|---|---|
| Name | AUNDRA DEBREL BOYKINS |
| All other names by which you have been known | N/A |
| ID Number | AIS #303786 |
| Current Institution | St. Clair Correct. Facility |
| Address | 1000 St. Clair Road |
| | Springville, Ala., 35146 |
| | *City*   *State*   *Zip Code* |

B. **The Defendant**

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. Make sure that the defendant(s) listed below are identical to those contained in the above caption. For an individual defendant, include the person's job or title *(if known)* and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | JEFFERSON DUNN |
| Job or Title *(if known)* | COMMISSIONER |
| Shield Number | |
| Employer | Alabama Dept. of Corrections |
| Address | 301 South Ripley Street |
| | Montgomery, Ala., 36104 |
| | *City*   *State*   *Zip Code* |
| [X] Individual Capacity | [X] Official Capacity |

Defendant No. 2

| | |
|---|---|
| Name | DeWAYNE ESTES |
| Job or Title *(if known)* | WARDEN |
| Shield Number | |
| Employer | Alabama Dept. of Corrections |
| Address | 301 South Ripley Street |
| | Montgomery, Ala., 36104 |
| | *City*   *State*   *Zip Code* |
| [X] Individual Capacity | [X] Official Capacity |

Defendant No. 3

  Name    CEDRIC SPECKS

  Job or Title *(if known)*   WARDEN

  Shield Number

  Employer    Alabama Dept. of Corrections (former)

  Address

        *City*     *State*   *Zip Code*

  [X] Individual Capacity    [X] Official Capacity

Defendant No. 4

  Name    ANTHONY BROOKS

  Job or Title *(if known)*   WARDEN

  Shield Number

  Employer    Alabama Dept. of Corrections

  Address    301 South Ripley Street

       Montgomery    Ala.   36104

  [X] Individual Capacity    [X] Official Capacity

## II. Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal law]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388 (1971), you may sue federal officials for the violation of certain constitutional rights.

 A.   Are you bringing suit against *(check all that apply)*:

    ☐   Federal officials (a *Bivens* claim)

    [X]   State or local officials (a § 1983 claim)

 B.   Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities, secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

   Eighth Amendment, U.S. Constitution

Defendant No. 5
- Name: KEVIN WHITE
- Job or Title: CAPTAIN
- Employer: Alabama Dept. of Corrections
- Address: 301 South Ripley Street, Montgomery, Ala. 36104

Defendant No. 6
- Name: GARY MALONE
- Job or Title: CAPTAIN
- Employer: Alabama Dept. of Corrections
- Address: 301 South Ripley Street, Montgomery, Ala. 36104

Defendant No. 7
- Name: CARLA GRAHAM
- Job or Title: CAPTAIN
- Employer: Alabama Dept. of Corrections
- Address: 301 South Ripley Street, Montgomery, Ala. 36104

Defendant No. 8
- Name: LARRY BAKER
- Job or Title: LIEUTENANT
- Employer: Alabama Dept. of Corrections
- Address: 301 South Ripley Street, Montgomery, Ala. 36104

Defendant No. 9
- Name: MARC WALKER
- Job or Title: CORRECTIONAL OFFICER
- Employer: Alabama Dept. of Corrections
- Address: 301 South Ripley Street, Montgomery, Ala. 36104

Defendant No. 10
- Name: Unknown
- Job or Title: CORRECTIONAL OFFICERS
- Employer: Alabama Dept. of Corrections
- Address: 301 South Ripley Street, Montgomery, Ala. 36104

C.  Plaintiffs suing under *Bivens* may only recover for violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

**Not Applicable**

D.  Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

**SEE ATTACHED PLEADINGS**

## III. Prisoner Status

Indicate whether you are a prisoner or other confined person as follows *(check all that apply)*:

- ☐ Pretrial Detainee
- ☐ Civilly committed detainee
- ☐ Immigration detainee
- ☒ Convicted and sentenced state prisoner
- ☐ Convicted and sentenced federal prisoner
- ☐ Other *(explain)*: _____

## IV. State of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

**SEE ATTACHED PLEADINGS**

A. If the events giving rise to your claim arose outside an institution, describe where and when they arose.

Not Applicable

B. If the events giving rise to your claim arose in an institution, describe where and when they arose.

SEE ATTACHED PLEADINGS

C. What date and approximate time did the events giving rise to your claim(s) occur?

SEE ATTACHED PLEADINGS

D. What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

SEE ATTACHED PLEADINGS

V. **Injuries**

If you sustained injuries related to the events alleged above, describe your injuries in detail.

SEE ATTACHED PLEADINGS

VI. **Relief**

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims.

I am seeking $100,000.00 dollars in actual damages AND $100,000.00 dollars in punitive damages for physical injuries and failure to protect me and to provide me adequate safety and security at the St. Clair Correctional Facility.

_____
_____
_____
_____
_____
_____

**VII.   Exhaustion of Administrative Remedies Administrative Procedures**

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Administrative remedies are also known as grievance procedures. Your case may be dismissed if you have not exhausted your administrative remedies.

A.   Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

   **xX**   Yes

   ☐   No

   If yes, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).
   **St. Clair Correctional Facility**

B.   Does the jail, prison, or other correctional facility where your claim(s) arose have a grievance procedure?

   ☐   Yes

   **XX**   No

   ☐   Don't know

C.   Does the grievance procedure at the jail, prison, or other correctional facility where your claim(s) arose cover some or all of your claims? **Not Applicable**

   ☐   Yes

   **XX**   No

   ☐   Don't know

If yes, which claims(s)?

_____

_____

D. Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose concerning the facts relating to this complaint?

☐ Yes

☒ No

If no, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

☐ Yes

☒ No

E. If you did file a grievance:

1. Where did you file the grievance?
   **Not Applicable**

2. What did you claim in your grievance?
   **Not Applicable**

3. What was the result, if any?
   **Not Applicable**

4. What steps, if any, did you take to appeal that decision? Is the grievance process completed? If not, explain why not. *(Describe all efforts to appeal to the highest level of the grievance process.)*
   **Not Applicable**

   XX
   XX
   XX
   XX
   XX
   XX
   XX
   XX
   XX

Page 7 of 14

F. If you did not file a grievance:

1. If there are any reasons why you did not file a grievance, state them here:
   **The Alabama Department of Corrections does not have an inmate grievance procedure.**

2. If you did not file a grievance but you did inform officials of your claim, state who you informed, when and how, and their response, if any:
   **XX**
   **XX**

G. Please set forth any additional information that is relevant to the exhaustion of your administrative remedies:
   **XX**
   **XX**

*(Note: You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.)*

## VIII. Previous Lawsuits

The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in federal court without paying the filing fee if that prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

To the best of your knowledge, have you had any cases dismissed based on grounds that it was frivolous, malicious, or failed to state a claim upon which relief may be granted?

☐ Yes

☒ No

If yes, state which court dismissed your case(s), when this occurred, and attach a copy of the order(s) if possible.
   **Not Applicable**

_____

_____

_____

_____

A. Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

☐ Yes

☒ No

B. If your answer to "A" is "Yes," describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1. Parties to the previous lawsuit:

    Plaintiff(s) __Not Applicable__

    Defendant(s) __XX    XX    XX__

2. Court *(if federal court, name the district; if state court, name the county and State)*:

    __Not Applicable__

3. Docket or index number:

    __Not Applicable__

4. Name of Judge assigned to your case:

    __Not Applicable__

5. Approximate date of filing lawsuit:

    __Not Applicable__

6. Is the case still pending?   **Not Applicable**

    ☐ Yes

    ☐ No

    If no, give the approximate date of disposition: __Not Applicable__

7. What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?*

    __Not Applicable__

## IX. Certification and Closing

Under Rule 11 of the Federal Rules of Civil Procedure, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an

improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

**I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.**

| | |
|---|---|
| Printed Name of Plaintiff: | AUNDRA D. BOYKINS |
| Prison Identification Number: | AIS #303786 |
| Prison Address: | SCCF - 1000 St. Clair Road |
| | Springville, Alabama 35146 |
| | City      State      Zip Code |

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  11-25-19

Signature of Plaintiff

PLEADINGS

On December 2, 2017, the Plaintiff, AUNDRA DEBREL BOYKINS (hereinafter, Boykins), was a state inmate in the custody of the Alabama Department of Corrections and assigned to the St. Clair Correctional Facility "Therapeutic Community Program" (H-Dorm).

At approximately 4:30 p.m. on the day of December 2, 2017, inmate CORTEZ WHITTINGTON (AIS #305423), entered the H-Dorm building. Whittington was assigned as a "general population" inmate and was not otherwise authorized to be in the H-Dorm building or the Therapeutic Community Program area of the prison.

Whittington was able to enter the H-Dorm building unimpeded because Corrections Officer MARC WALKER (the officer assigned to H-Dorm building for security purposes) was asleep at his post.

When Whittington entered the H-Dorm building he went to the T.V. room where he began to talk loud and threaten inmates.

Eventually, Whittington focused his attention on Boykins and he began to threaten him and demand money from him, i.e., cigarettes, coffee, store goods, etc.

When Boykins refused to give Whittington his property, Whittington brandished two knives and attacked Boykins. The altercation continued into the main area of the Dorm where Corrections Officer MARC WALKER was located. Officer Walker did not attempt to subdue inmate Whittington or otherwise attempt to break-up the fight. The altercation was eventually broken-up by several inmates and Officer Walker subsequently called for other correctional officers to come to the scene.

As a result of the unprovoked attacked by Whittington, Boykins suffered at least twelve stab wounds to various parts of his body which left permanent scarring and disfigurement, including wounds to his chest, back, arms, and thighs. Boykins injuries required treatment by medical personnel.

At the time that Boykins was assaulted, Jeff DUNN was the Commissioner of the Alabama Department of Corrections and had overall responsibility for the management, staffing, and the safety and security of all inmates incarcerated within the ADOC.

11

Boykins avers that DUNN has full knowledge of the epidemic violence within the Alabama prison system and especially the violence at St. Clair Correctional Facility. Yet, DUNN has not taken meaningful steps to address the violence within the prison system or to ensure that prisons such as St. Clair are properly staffed to protect inmates from random violence and attacks from other inmates.

Boykins avers that DEWAYNE ESTES was assigned as the Warden of St. Clair Correctional Facility on the day that he was assaulted. As the Warden, ESTES was responsible for the overall management, staffing, and the safety and security of all inmates stationed at St. Clair Correctional Facility.

Boykins avers that MARC WALKER was assigned as a corrections officer and was the officer on duty in H-Dorm on the day that he was assaulted. As such, Officer Walker was directly responsible for the safety and security of the plaintiff on the day he was assaulted.

WHEREFORE, pleadings being duly considered, Boykins prays for relief in this cause.