# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| AUNDRA DEBREL BOYKINS, ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> JEFFERSON DUNN, *et al.*, ) <br> Defendants. ) | Case No. 4:19-CV-1934-ACA |

## THE CORRECTIONAL OFFICIALS' MOTION FOR SUMMARY JUDGMENT

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, Defendants Commissioner John Hamm ("Commissioner Hamm"), Guy Noe ("Warden Noe"), and Dewayne Estes ("Estes" and, together with Commissioner Hamm and Warden Noe, the "Correctional Officials") submit this Motion for Summary Judgment ("Motion") and respectfully request that this Court grant judgment as a matter of law in their favor as to the claims asserted against them by Plaintiff Aundra Debrel Boykins ("Plaintiff"). In accordance with this Court's Orders (docs. 107, 129, 130), in support of this Motion, the Correctional Officials intend to file an Evidentiary Submission containing evidentiary materials and a Memorandum of Law, and further state as follows:

1. Plaintiff, an inmate serving a life sentence in ADOC custody for the murder of a 2-year-old child and attempted murder of another victim, asserts claims

1

arising from a fight between Plaintiff and another inmate at St. Clair Correctional Facility ("St. Clair") on December 2, 2017 (the "Incident").

2. Plaintiff asserts a single cause of action for "violation of Eighth Amendment pursuant to 42 U.S.C. § 1983" against Commissioner Hamm and Warden Noe in their official capacities and against Estes in his individual capacity. (Doc. 65, ¶¶ 54-63; 8-10).

3. Plaintiff's claims fail as a matter of law. Fed. R. Civ. P. 56. Plaintiff failed to produce any evidence supporting his claims against the Correctional Officials, much less evidence raising a genuine issue of material fact necessitating a trial in this matter. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 322-24 (1986). Accordingly, the Correctional Officials are entitled to summary judgment on Plaintiff's claims against them.

**I. Plaintiff Failed to Establish an Individual-Capacity Claim Against Estes.**

4. Plaintiff failed to provide evidence supporting individual liability on the part of Estes. To establish a deliberate-indifference claim, a plaintiff-inmate must first objectively show extreme conditions that posed a substantial risk of serious harm to the inmate. Marbury v. Warden, 936 F.3d 1227, 1233 (11th Cir. 2019). The plaintiff then must show the official's (1) "'subjective knowledge'" of the risk; (2) "'disregard of that risk; (3) by conduct that is more than mere

negligence.'" Swain v. Junior, 961 F.3d 1276, 1285 (11th Cir. 2020). Finally, the plaintiff must show a causal connection "between the officer's failure to act reasonably and the plaintiff's injury." Marbury, 936 F.3d at 1233. Plaintiff cannot make this showing.

5. To establish an individual-capacity claim against Estes, Plaintiff must demonstrate with admissible evidence that Estes, "through [his] own individual actions, . . . violated the Constitution." Ashcroft v. Iqbal, 556 U.S. 662, 676-77 (2009). However, rather than providing evidence regarding Estes' "own individual actions," Plaintiff relies solely on Estes' general duties as St. Clair's warden. (Doc. 65, ¶ 9). The mere fact that Estes served as St. Clair's warden cannot establish individual liability. Harrison v. Culliver, 746 F.3d 1288, 1299 (11th Cir. 2014) ("'It is well established in this Circuit that supervisory officials are not liable under §1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability.'") (quoting Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003)). Thus, Plaintiff failed to establish with admissible evidence that Estes violated the Constitution.

6. According to Plaintiff, he did not know the other inmate before the Incident, and he never informed any Correctional Official that he expected a fight with the other inmate. Thus, rather than relying on a risk of harm specific to him,

Plaintiff relies on a generalized risk of harm that allegedly applied equally to all inmates at St. Clair. (Doc. 65, ¶¶ 28-47).

7. Plaintiff failed to establish that inmate violence at St. Clair was so "pervasive" at or around the time of the Incident as to pose a substantial risk of serious harm to every inmate at St. Clair. Marbury, 936 F.3d at 1234. Indeed, it is undisputed that many inmates at St. Clair possess lengthy sentences, including many inmates serving life without parole. As the Correctional Officials' experts establish, adding time to these inmates' sentences, or imposing disciplinary sanctions on them, does little to deter them from violence. Accordingly, no prison like St. Clair can achieve a level of "zero" inmate violence. Nevertheless, Plaintiff lacks evidence demonstrating "pervasive" inmate violence existed at St. Clair around the time of or leading up to the Incident.

8. Even assuming Plaintiff could establish Estes' knowledge of a "generalized risk" of harm to inmates at St. Clair, Plaintiff failed to establish that Estes acted with deliberate indifference to this risk. To make such a showing, Plaintiff must demonstrate that Estes "responded to the known risk in an unreasonable manner, in that he . . . 'knew of ways to reduce the harm' but knowingly or recklessly declined to act." Marbury, 936 F.3d at 1233 (quoting Rodriguez v. Sec'y, Dep't of Corrs., 508 F.3d 611, 620 (11th Cir. 2007)). The

undisputed evidence establishes that Estes responded reasonably, within his authority, to the risk of inmate violence at St. Clair.

9.  The undisputed facts demonstrate that Estes took numerous steps within his authority to address inmate violence, including installing fencing and cameras (measures Plaintiff admitted improved security and restricted inmate movement).  See, e.g., Williams v. Bennett, 689 F.2d 1370, 1384 (11th Cir. 1982) (holding that "the critical causation issue here must be whether each individual defendant was in a position to take steps that could have averted the [harm] but, through callous indifference, failed to do so").  Plaintiff and his purported expert failed to identify a single additional measure the Constitution required Estes to take to combat inmate violence at St. Clair, rather offering generalized suggestions of what ADOC generally "could" have done.  In so doing, Plaintiff and his expert completely missed the applicable legal standard.

10. Even if Plaintiff could establish a constitutional violation by Estes, Estes would be entitled to qualified immunity from Plaintiff's individual-capacity claim.  Once a government official establishes that he acted within his discretionary authority, a plaintiff, to avoid qualified immunity, must establish that the official violated a constitutional right that "was 'clearly established' at the time of the challenged conduct."  Ashcroft v. al-Kidd, 563 U.S. 731, 735 (2011) (quoting

5

Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)).  Plaintiff failed to make this showing.

11.   At the outset of this action, Plaintiff made a conclusory allegation that "Defendants were not acting within their discretionary authority." (Doc. 65, ¶ 61). Now, the undisputed facts lay out a very different picture.  To determine if government officials acted within their discretionary authority, courts look to whether the acts "are of a type that fell within the employee's job responsibilities." Holloman ex rel. Holloman v. Harland, 370 F.3d 1252, 1265 (11th Cir. 2004). Actions relating to inmate management plainly fell within Estes's authority as Warden of St. Clair, and Plaintiff's conclusory allegation cannot defeat qualified immunity.

12.   Plaintiff's failure to establish a constitutional violation eliminates the need to establish "whether the constitutional right at issue had been clearly established when the incident arose." McCullough v. Antolini, 559 F.3d 1201, 1208 (11th Cir. 2009).  The Court therefore need not consider the clearly established prong.

13.   Even if the Court concludes that Plaintiff established a constitutional violation, Plaintiff failed to establish that Estes violated clearly established law. Clearly established law must provide "fair warning" to the official that the conduct violated the plaintiff's constitutional rights.  Jones v. Fransen, 857 F.3d 843, 851

(11th Cir. 2017). Thus, to deprive Estes of qualified immunity, a precedent must exist that put him on notice, as of the date of the Incident, that he could face personal liability for inmate violence by virtue of his position as Warden of St. Clair.

14. No such precedent exists. In fact, multiple Eleventh Circuit decisions demonstrate the inappropriateness of individual liability in these circumstances. See, e.g., Marbury, 936 F.3d at 1233-38 (no liability based on alleged general risk of inmate violence at St. Clair); Williams, 689 F.2d at 1384 ("There can be no duty, the breach of which is actionable, to do that which is beyond the power, authority, or means of the charged party"). Accordingly, qualified immunity protects Estes from Plaintiff's individual-capacity claim.

## II.   Plaintiff Failed to Establish an Official-Capacity Claim Against Commissioner Hamm or Warden Noe.

15. Plaintiff purports to seek damages "jointly and severally" from all Correctional Officials. (Doc. 65, 26-27). The Eleventh Amendment bars damages claims against state officials in their official capacities. Kentucky v. Graham, 473 U.S. 159, 169 (1985). Accordingly, Plaintiff may not seek damages against Commissioner Hamm or Warden Noe, both of whom he names only in their official capacities. (Doc. 65, ¶ 10; Doc. 120).

16. Consistent with the Eleventh Amendment, a court may grant prospective injunctive relief against state officials in their official capacities only "to prevent a continuing violation of federal law." Green v. Mansour, 474 U.S. 64, 68

7

(1985); Ex parte Young, 209 U.S. 123. 155-56 (1908). Plaintiff agreed that he did not intend to ask the Court to direct ADOC to implement additional security measures at St. Clair beyond those already implemented. Plaintiff's purported expert professed no familiarity with Commissioner Hamm and no familiarity with current conditions at St. Clair. Accordingly, Plaintiff cannot establish an ongoing constitutional violation at St. Clair.

17.  Even if Plaintiff could establish a current risk of harm to inmates at St. Clair, he cannot establish an official-capacity conditions-of-confinement claim against Commissioner Hamm or Warden Noe. To survive a motion for summary judgment on such a claim, a plaintiff must present evidence that the officials "were at the time suit was filed, and are at the time of summary judgment, knowingly and unreasonably disregarding an objectively intolerable risk of harm, and that they will continue to do so." Farmer v. Brennan, 511 U.S. 825, 844 (1994); see also Hoffer v. Sec'y, Fla. Dep't of Corrs., 973 F.3d 1263, 1272 (11th Cir. 2020) (holding that only behavior that "is so reckless—so conscience-shocking—that it violates the Constitution" qualifies as deliberate indifference). Plaintiff's admission that he does not request additional security measures at St. Clair, coupled with his purported expert's admission to lacking any familiarity with Commissioner Hamm or current conditions at St. Clair, are fatal to his official-capacity claim for injunctive relief. Moreover, the undisputed evidence establishes that Commissioner Hamm, his

predecessor, and Warden Noe took and continue to take steps within their authority to address inmate violence at St. Clair. Accordingly, Plaintiff cannot establish an official-capacity claim for injunctive relief.

WHEREFORE, PREMISES CONSIDERED, the Correctional Officials respectfully request that this Court enter judgment as a matter of law in their favor as to all claims asserted by Plaintiff against them.

Dated: February 13, 2023.

Respectfully submitted,

*/s/ William R. Lunsford*
*One of the Attorneys for the Correctional Officials*

William R. Lunsford
Matthew B. Reeves
Ellie B. Putman
M. Landon Whatley
**MAYNARD, COOPER & GALE, PC**
655 Gallatin Street
Huntsville, AL 35801
Telephone: (256) 551-0171
Facsimile: (256) 512-0119
blunsford@maynardcooper.com
mreeves@maynardcooper.com
eputman@maynardcooper.com
lwhatley@maynardcooper.com

# CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served upon all attorneys of record in this matter, including without limitation the following, by the Court's CM/ECF system on this 13th day of February, 2023:

| | |
|---|---|
| J.S. "Chris" Christie, Jr. (ASB-3162-H07J)<br>Robert T. Blakesleay (ASB-5910-B00U)<br>**DENTONS SIROTE, P.C.**<br>2311 Highland Avenue South<br>P.O. Box 55727<br>Birmingham, AL 35255<br>Telephone: (205) 930-5100<br>Facsimile: (205) 212-2834<br>chris.christie@dentons.com<br>tblakesleay@sirote.com | Benjamin Albritton<br>Assistant Attorney General<br>**OFFICE OF THE ATTORNEY GENERAL**<br>501 Washington Avenue<br>Montgomery, AL 36130<br>Telephone: (334) 353-4484<br>Facsimile: (334) 353-8400<br>Ben.albritton@alabamaag.gov<br><br>*Attorney for Defendant Marc Walker* |
| Hyongsoon Kim, *pro hac vice*<br>**AKIN GUMP STRAUSS HAUER & FELD LLP**<br>4 Park Plaza, Suite 1900<br>Irvine, CA 92614<br>Telephone: (949) 885-4100<br>Facsimile: (949) 885-4101<br>kimh@akingump.com | |
| Molly E. Whitman, *pro hac vice*<br>Brett M. Manisco, *pro hac vice*<br>Jessica Ro, *pro hac vice*<br>**AKIN GUMP STRAUSS HAUER & FELD LLP**<br>1999 Avenue of the Stars<br>Suite 600<br>Los Angeles, CA 90067<br>Telephone: (310) 728-3342<br>Facsimile: (310) 229-1001 | |

mwhitman@akingump.com
bmanisco@akingump.com
jro@akingump.com

Jennifer S. Garrett, *pro hac vice*
**AKIN GUMP STRAUSS HAUER &
FELD LLP**
One Bryant Park
New York, NY 10036
Telephone: (212) 872-1065
jgarrett@akingump.com

*Attorneys for Plaintiff*

                                            */s/ William R. Lunsford*
                                            *Of Counsel*