# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| **AUNDRA DEBREL BOYKINS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **Case No. 4:19-CV-1934-ACA** |
| **v.** ) | |
| ) | **PARTIALLY-OPPOSED** |
| **JEFFERSON DUNN**, *et al.*, ) | |
| ) | |
| **Defendants.** ) | |

## THE ADOC PARTIES' RESPONSE TO ORDER AND
## RENEWED MOTION FOR LEAVE TO FILE UNDER SEAL

Defendants Commissioner John Hamm ("Commissioner Hamm"), Warden Guy Noe ("Warden Noe"), and Dewayne Estes ("Estes" and, together with Commissioner Hamm and Warden Noe, the "Correctional Officials"), and Marc Walker ("Walker," and, together with the Correctional Officials, the "ADOC Parties"), respectfully submit this Response to the Court's February 10, 2023, Order and Renewed Motion for Leave to File Under Seal. (Doc. 129 (the "February 10 Order")). In support of this Motion, the ADOC Parties state as follows:

1. On February 9, 2023, the ADOC Parties filed Motions for Leave to File Under Seal, seeking leave to file their memoranda of law and portions of their evidentiary submissions in support of their forthcoming motions for summary judgment under seal. (Doc. 125 (the "Motion for Leave")).

1

2. The February 10 Order denied the Motions for Leave without prejudice. (Doc. 129, 2). The Court directed the ADOC Parties to provide the Court with additional information regarding the documents the ADOC Parties seek to file under seal by 5:00 p.m. on February 13, 2023, and set a hearing on "any renewed motion to seal" for February 15, 2023. (Id., 3).

3. With respect to deposition transcripts, the Court directed the parties to indicate "whether the confidential information contained therein is relevant to the motion for summary judgment or included for purposes of compliance with the court's order to file the complete deposition and exhibits." (Doc. 129, 2-3).

4. The ADOC Parties state that they do not rely upon any of the confidential information contained in the following deposition transcripts in their motion for summary judgment, and the ADOC Parties included those portions of the deposition transcripts only to comply with the Court's order to file full deposition transcripts with all exhibits:

    a. Deposition of Aundra Boykins;

    b. Deposition of Dewayne Estes;

    c. Deposition of Jefferson Dunn;

    d. Deposition of Cortez Whittington;

    e. Deposition of Brian Zawilinski;

    f. Deposition of Mark Walker; and

  g. Deposition of Joseph Rion.

5. The Court next directed the parties, for confidential information "relevant to defendants' motion," to indicate "the lines and pages of information that the defendant wishes to seal and the basis for sealing or redacting." (Id., 3).

6. The ADOC Parties state that the following deposition transcripts contain confidential information relevant to one or both of their motions for summary judgment, as set forth in the table below:

| Deponent | Citations to Confidential Information | Basis for Sealing or Redacting |
|---|---|---|
| Warden Guy Noe | 81:13-21; 125:16-20; 126:17-19 | Excerpts contain "Highly Confidential Information" as defined in paragraph 3(f)(i) of the Stipulated Protective Order because the information relates to specific confidential security measures at St. Clair. |
| Mark S. Inch | 348:20-361:17 | Excerpts contain "Highly Confidential Information" as defined in paragraph 3(f)(i) of the Stipulated Protective Order because the information relates to specific confidential security measures at St. Clair, as well as specific information regarding the layout of St. Clair. |

Pursuant to the United States District Court for the Northern District of Alabama Administrative Procedures under the CM/ECF §3(A), the Correctional Officials will submit a copy of these documents for the Court's review. The Correctional Officials will be prepared to further discuss with the Court their request for sealing or

redacting this information at the hearing scheduled for February 15, 2023. (Doc. 129, 3).

7. Next, the Court asked the parties, "[f]or each exhibit to a deposition identified as confidential or highly confidential, identify whether the exhibit is relevant to the motion," and, "[i]f the exhibit is relevant to the motion, the parties must provide the court unredacted pages of the exhibit." (Doc. 129, 3).

8. The ADOC Parties respond that, with the exception of the deposition exhibits listed below, the ADOC Parties do not rely on any deposition exhibits identified as confidential or highly confidential in their motions for summary judgment:

| Deponent | Exh. / Doc. No. | Basis for Sealing or Redacting |
|---|---|---|
| Mark S. Inch | Ex. 1/ Expert Report of Mark S. Inch | The Correctional Officials designated this document Confidential because Appendix I, page 1 of this document contains personal information due to be redacted under CM/ECF Administrative Procedures Manual, Section 2(I). The Correctional Officials propose filing publicly a version of this document with the Confidential Information redacted. The Correctional Officials are providing the Court with a copy of this document with the proposed redactions highlighted. |
| Brian Zawilinski | Ex. 3/ Expert Report of Brian Zawilinski | Pages 7, 16-18, and 25-26 of this document contain "Highly Confidential Information" as defined in paragraph 3(f)(i) of the Stipulated Protective Order because the information relates to specific staffing plans and specific security measures at St. Clair, |

| | | |
|---|---|---|
| | | as well as specific information regarding the layout of St. Clair. The Correctional Officials propose filing publicly a version of this document with the Highly Confidential Information Redacted and filing the unredacted document under seal. The Correctional Officials are providing the Court with a copy of this document with the proposed redactions highlighted. |
| Aundra Boykins | Ex. 4/ Alabama Department of Corrections Prosecution Waiver | The Correctional Officials originally designated this document as Highly Confidential under the Stipulated Protective Order. Upon further review, the Correctional Officials *de-designate* this document under the Stipulated Protective Order. |
| Aundra Boykins | Exs. 6, 8/ Disciplinary Reports | These documents are "Confidential Information" under 3(b)(i)(10) of the Stipulated Protective Order. |
| Marc Walker | Ex. 4/ Sign-in Roster | This document is Confidential under paragraph 3(b)(i) and 3(b)(iv) of the Stipulated Protective Order. The version of this document used at the deposition contained redactions regarding inmates' personal health information. The Correctional Officials will provide the Court with an unredacted copy of this document. |

Pursuant to the CM/ECF Administrative Procedures Manual, Sections 2(I) and 3(A), the Correctional Officials will submit a copy of these documents with their proposed redactions highlighted for the Court's review. To the extent the information listed above does not fall within paragraphs 3(b)(i) or 3(b)(ii) of the Stipulated Protective Order, the Correctional Officials will be prepared to discuss the request for sealing

or redacting this information at the hearing scheduled for February 15, 2023. (Doc. 129, 3).

9. In addition, the report of Plaintiff's expert Joseph P. Rion (the "Rion Report," Exhibit 8 to the Deposition of Joseph Rion)[1] was not originally marked Confidential or Highly Confidential. However, this Report contains certain information that the Correctional Officials request to designate as Confidential or Highly Confidential under the Stipulated Protective Order. First, the Rion Report discusses EJI Monitoring Reports designated Highly Confidential because these reports include the names of current or former inmates who were alleged or confirmed victims or accused perpetrators of various incidents, including incidents of sexual assault. (Rion Report, 8-11). This information qualifies as "Highly Confidential Information" under paragraph 3(f)(i) of the Stipulated Protective Order, because it is likely to jeopardize the safety of inmates in ADOC's custody. Moreover, the Prison Rape Elimination Act obligates ADOC to utilize its best efforts to maintain the confidentiality of this information. 34 U.S.C. § 303; 28 C.F.R. 115.89. Second, the Rion Report discusses sensitive security information regarding

---

[1] Exhibits 1, 6, 7, 8, and 9 to Rion's Deposition are different versions of Rion's Report. The Correctional Officials rely only on the final version, which is Exhibit 8. Thus, the Correctional Officials respectfully request to be excused from the obligation to file Exhibits 1, 6, 7, and 9 to the Rion Deposition, as they contain the same Highly Confidential Information the Correctional Officials seek to redact from Exhibit 8.

St. Clair's layout and staffing. (Rion Report, 12-13). This information qualifies as Highly Confidential Information under paragraph 3(f)(i) of the Stipulated Protective Order because it is likely to jeopardize the safety of St. Clair and inmates incarcerated in St. Clair. The Correctional Officials propose filing publicly a version of this document with the Highly Confidential Information Redacted and filing the unredacted document under seal. The Correctional Officials submit a copy of this document to the Court with the proposed redactions highlighted. The Correctional Officials will be prepared to discuss their request for redacting this information from the publicly-filed version of the Rion Report at the hearing scheduled for February 15, 2023. (Doc. 129, 3).

10. The Court next asked the parties, "[f]or all relevant exhibits," to "designate any pages containing information identified in paragraphs 3(b)(i) and 3(b)(ii) of the parties' stipulated protective order (doc. 77), personal health information, and schematics of all or any portion of St. Clair Correctional Facility." (Doc. 129, 3). In addition to the deposition exhibits identified in paragraph 8 above that fall into these categories, the following documents that the ADOC Parties intend to submit in support of one or both of the motions for summary judgment fall into these categories:

| Document | Page No. of Confidential Information | Basis for Sealing or Redacting |
|---|---|---|

| Alabama Uniform Incident and Offense Report | CORR002155-56 | This document contains two inmates' dates of birth, which qualify as Confidential Information under paragraph 3(b)(i)(5) of the Stipulated Protective Order. |
|---|---|---|
| Aundra Boykins' Movement History | CORR004546-48 | This document contains information related to a current inmate's classification, which qualifies as Confidential Information under paragraph 3(b)(i)(10) of the Stipulated Protective Order. |
| Cortez Whittington's Institutional File | CORR001113-14; CORR001245-47 | This document contains information related to a current inmate's classification and disciplinaries, which qualifies as Confidential Information under paragraph 3(b)(i)(10) of the Stipulated Protective Order. |
| Cortez Whittington's Body Chart | CORR002153 | This document contains a current ADOC inmate's medical information protected by the Health Insurance Portability and Accountability Act of 1996 (HIPAA), which qualifies as Confidential Information under paragraph 3(b)(i)(1) of the Stipulated Protective Order. |
| UAB Medical Records | CORR011420-011556 | This document contains a current ADOC inmate's medical information protected by the Health Insurance Portability and Accountability Act of 1996 (HIPAA), which qualifies as Confidential Information under paragraph 3(b)(i)(1) of the Stipulated Protective Order. |

11.  Finally, the Court asked the parties to "be prepared to argue the basis for sealing or redacting each exhibit and portions of its memoranda in support of

motions for summary judgment (or response to any such motion, to the extent practicable at this time), **EXCEPT** those portions of any such exhibit or memoranda identified in paragraph four above." (Doc. 129, 3).

12. In addition to the documents identified above, the Correctional Officials seek to file the following documents under seal and/or with redactions. The Correctional Officials provide below the justification for each additional document they seek leave to file under seal or with redactions.

| Document | Page No. of Confidential Information | Basis for Sealing or Redacting |
|---|---|---|
| ADOC Administrative Regulation No. 331 | CORR002404-06 | This document contains "Highly Confidential Information" as defined in paragraphs 3(f)(i) and (iv) of the Stipulated Protective Order because it relates to specific confidential security measures and contains internal quality control materials. |
| December 2, 2017 Duty Post Log | CORR019873-74; CORR019901-02 | This document contains information related to specific confidential security operations, which qualifies as Confidential Information under paragraph 3(b)(iv) of the Stipulated Protective Order. |
| St. Clair Standard Operating Procedure No. 31 | CORR002645-51 | This document contains information concerning procedures related to confidential security and staffing, which qualifies as Highly Confidential Information under paragraph 3(f)(i) of the Stipulated Protective Order. |

Pursuant to the CM/ECF Administrative Procedures Manual, Section 3(A), the Correctional Officials submit a copy of these documents for the Court's review.

13. Counsel for the ADOC Parties conferred with Counsel for Plaintiff, and Plaintiff partially opposes this motion.

WHEREFORE, PREMISES CONSIDERED, the Correctional Officials respectfully request that this Court permit them to file the documents identified above under seal.

Dated: February 13, 2023

                                             Respectfully submitted,

                                             */s/ William R. Lunsford*
                                             *One of the Attorneys for the Correctional Officials*

William R. Lunsford
Matthew B. Reeves
Ellie B. Putman
M. Landon Whatley
**MAYNARD, COOPER & GALE, PC**
655 Gallatin Street
Huntsville, AL 35801
Telephone: (256) 551-0171
Facsimile: (256) 512-0119
blunsford@maynardcooper.com
mreeves@maynardcooper.com
eputman@maynardcooper.com
lwhatley@maynardcooper.com

                                             */s/ Benjamin Albritton*
                                             *Attorney for Defendant Marc Walker*

Benjamin Albritton
Assistant Attorney General
**OFFICE OF THE ATTORNEY GENERAL**

501 Washington Avenue
Montgomery, AL 36130
Telephone: (334) 353-4484
Facsimile: (334) 353-8400
Ben.albritton@alabamaag.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing has been served upon all attorneys of record in this matter, including without limitation the following, by the Court's CM/ECF system on this 13th day of February, 2023:

J.S. "Chris" Christie, Jr. (ASB-3162-H07J)
Robert T. Blakesleay (ASB-5910-B00U)
**DENTONS SIROTE P.C.**
2311 Highland Avenue South
P.O. Box 55727
Birmingham, AL 35255
Telephone: (205) 930-5100
Facsimile: (205) 212-2834
chris.christie@dentons.com
tblakesleay@sirote.com

Hyongsoon Kim, *pro hac vice*
**AKIN GUMP STRAUSS HAUER & FELD LLP**
4 Park Plaza, Suite 1900
Irvine, CA 92614
Telephone: (949) 885-4100
Facsimile: (949) 885-4101
kimh@akingump.com

Molly E. Whitman, *pro hac vice*
Brett M. Manisco, *pro hac vice*
Jessica Ro, *pro hac vice*
**AKIN GUMP STRAUSS HAUER & FELD LLP**
1999 Avenue of the Stars
Suite 600
Los Angeles, CA 90067
Telephone: (310) 728-3342
Facsimile: (310) 229-1001

mwhitman@akingump.com
bmanisco@akingump.com
jro@akingump.com

Jennifer S. Garrett, *pro hac vice*
**AKIN GUMP STRAUSS HAUER &
FELD LLP**
One Bryant Park
New York, NY 10036
Telephone: (212) 872-1065
jgarrett@akingump.com

*Attorneys for Plaintiff*

>                   */s/ William R. Lunsford*
>                   *Of Counsel*