UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| AUNDRA DEBREL BOYKINS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No.: 4:19-cv-01934-ACA |
| JEFFERSON DUNN, *et al.*, | ) ) ) |
| Defendants. | ) ) |

**PLAINTIFF'S SUBMISSION PURSUANT TO THE COURT'S ORDER**

Plaintiff Aundra Debrel Boykins ("Plaintiff") files this submission ("Plaintiff's Submission") as ordered in the Court's Order dated February 10, 2023 (Dkt. No. 129) (the "Order"). Plaintiff's Submission provides (i) background on the requirements of the Stipulated Protective Order; (ii) Plaintiff's attempts to satisfy his meet-and-confer obligations with Defendants concerning the confidentiality of deposition transcripts and exhibits; and (iii) Plaintiff's counsel's identification of the personally identifiable and personal health information that should be filed under seal pursuant to Paragraph 4 of the Order. Plaintiff intends to file a response to Defendants' joint renewed motion for leave to seal (Dkt. No. 134) prior to the hearing set for February 15, 2023.

This action includes allegations of Defendants' deliberate indifference to inmate safety resulting from mismanagement and inadequate security at an Alabama prison.

The public's right to information regarding these matters of public safety—both in connection with summary judgment and at trial—is paramount.

I.     **The Stipulated Protective Order**

1.     On March 10, 2022, the Court entered the Stipulated Protective Order, which governs confidentiality designations by the parties and third parties in this action. (Dkt. No. 77.)

2.     Paragraph 3(b) of the Stipulated Protective Order provides that material in this action may be designated as "Confidential Information" if it concerns or relates to: (i) personally identifiable information about current or former inmates in the custody of the Alabama Department of Corrections (the "ADOC"), (ii) personally identifiable information about current and former persons working for ADOC or within ADOC facilities, (iii) third-party proprietary business information, and (iv) other information determined by a party or third-party to warrant additional protection.  If there is a dispute about the designation of a document under Paragraph 3(b)(iv), the parties are required to meet and confer before bringing the matter to the attention of the Court. (Dkt. No 77 ¶ 3(b)(iv).)

3.     Paragraph 3(f) of the Stipulated Protective Order permits the parties to designate material as "Highly Confidential Information" only if the material (i) is likely to jeopardize the safety of security operations of ADOC facilities or the safety of inmates in ADOC's custody if made public; (ii) is likely to result in retaliation based

on a good faith belief concerning the likelihood of such retaliation due to demonstrable circumstances; (iii) concerns or relates to an ongoing investigation of an incident of inmate-on-inmate violence or staff use of force; (iv) constitutes internal self-critical reviews and quality control materials, such as mortality reviews regarding inmate deaths; or (v) contains highly confidential or sensitive information requiring greater protection than Confidential Information, as believed and alleged by a party or third-party in good faith.

4. The only significant difference between the treatment of information designated as Confidential and information designated as Highly Confidential is that Highly Confidential information may not be shared with the parties without written consent (or consent on record at a deposition). (*See* Dkt. No. 77 ¶¶ 5, 6.) Plaintiff has not designated any material as Highly Confidential.

5. Paragraph 21 of the Stipulated Protective Order governs disputes over confidentiality designations and provides: "Any Receiving Party challenging a confidentiality designation shall meet and confer with the Designating Party (including any applicable non-party) in an attempt to resolve the dispute. If the Designating Party and Receiving Party are unable to resolve the dispute, the challenging party may bring the matter to the attention of the Court to resolve the dispute. Pending resolution, the Confidential or Highly Confidential designation and protections will remain in full force and effect." (Dkt. No. 77 ¶ 21.)

## II. Plaintiff's Attempts to Meet and Confer Concerning Confidentiality Designations

6. During the course of depositions in this matter, Plaintiff provisionally agreed to certain confidentiality designations by Defendants to facilitate the completion of fact discovery. In late November 2022, after fact discovery concluded, Plaintiff asked Defendants for a meet-and-confer to discuss the confidentiality designations of deposition transcripts and exhibits, pursuant to Paragraph 21 of the Stipulated Protective Order.

7. On December 7, 2022, Plaintiff's counsel and counsel for John Hamm, Dewayne Estes, and Guy Noe (the "Correctional Officials") met and conferred by telephone. Counsel for Defendant Marc Walker was invited to the teleconference but did not join. On that call, Plaintiff's counsel explained the need for Plaintiff personally to review the deposition testimony in this action, particularly for engagement in the upcoming mediation, and requested that the Correctional Officials provide Plaintiff with revised confidentiality designations that permit him (and the public) greater access to information as soon as practicable. In particular, Plaintiff's counsel explained that the Correctional Officials' proposed designations prevented Plaintiff from reviewing entire transcripts of testimony by certain Defendants, which are material to his claims. Plaintiff's counsel also requested that the names of certain inmates in the deposition transcripts of Plaintiff and Cortez Whittington be designated Confidential to avoid

retaliation. The Correctional Officials agreed to review the deposition transcripts and exhibits and provide proposals for changing the designations.

8. On January 30, 2023, after not receiving any proposed changes to the designations, Plaintiff's counsel emailed counsel for Defendants, reiterating that Plaintiff needed to review the deposition transcripts and exhibits to participate meaningfully in mediation. The next day, the Correctional Officials explained that they "reviewed the transcripts in detail to discern whether portions could reasonably be downgraded, but the overwhelming majority of the testimony, aside from inconsequential introductory information, is appropriately designated as confidential/highly confidential." The Correctional Officials also provided charts with proposed confidentiality designations for the Cortez Whittington and Jefferson Dunn deposition transcripts.

9. On February 2, 2023, Plaintiff's counsel wrote to counsel for Defendants:

> Plaintiff disagrees with many of Defendants' designations because much of the testimony that Defendants designated should not be designated as Confidential or as Highly Confidential under the definitions in the Protective Order. Some of these designations would make summary judgment and especially trial unnecessarily burdensome. Many designations as Highly Confidential (Attorneys Eyes Only) could even deprive Plaintiff of his due process rights. If this action is not settled at the mediation, the parties will need to meet and confer after the mediation, hopefully before dispositive motion filings.
>
> For the mediation, the issue is the over-designation of Highly Confidential, which limits what Plaintiff's lawyers can share with Plaintiff. Plaintiff's lawyers understand not disclosing to

5

> Plaintiff the names of other inmates in Whittington's deposition and some other limited information. But what is designated as Highly Confidential is beyond what the Court would expect to be kept from Plaintiff.
>
> Plaintiff's lawyers will abide by Defendants' confusing designations as much as the designations can be understood but must be able to discuss the discovery in this case with Plaintiff for him to make an informed decision during mediation.
>
> By abiding by Defendants' proposed designations during mediation this week, Plaintiff by no means waives any of his rights, including to challenge these designations at a later date.

10. Counsel for Defendants did not respond to this email, thereby depriving Plaintiff at mediation of the opportunity to review any portion of the depositions of Defendant Dewayne Estes, Defendant Guy Noe, Brian Casey, Amanda Price, and Cheryl Price, as well as portions of the depositions of Defendant Marc Walker and Jefferson Dunn.

11. On February 9, 2023—two business days before the deadline for parties to file all potentially dispositive motions and evidentiary submissions upon which a party will rely in support of the motion—the Correctional Officials sent Plaintiff a draft motion for leave to file certain evidentiary materials under seal, but did not include a draft of Exhibit A (*see* Dkt. No. 125-1).

12. Under the circumstances, including the time constraint, Plaintiff responded that Plaintiff would not oppose the motion, but made clear to the Correctional Officials that Plaintiff disputed their over-designation of material as

Confidential or Highly Confidential. Specifically, counsel for Plaintiff wrote on February 9, 2023: "Based on prior discussions, Plaintiff disputes a number of the Correctional Officials' confidentiality designations. Please let us know at your earliest convenience your availability to meet and confer once the exhibits are filed."

13. On February 10, 2023, the Court issued an Order denying without prejudice Defendants' motions for leave to file under seal and stating that, "[o]n their face, the court finds no basis to seal the documents identified as highly confidential and confidential in Mr. Boykins's deposition. The same is true for Exhibit 12 of Mr. Casey's transcript." (Dkt. No. 129 at 2.)

14. In the Order, the Court instructed the parties to provide information about the relevance of information to Defendants' motions for summary judgment. (Dkt. No. 129 at 3–4, ¶¶ 1–3.) Because of Plaintiff's uncertainty as to which arguments Defendants might make in their briefs, Plaintiff cannot meaningfully respond at this time as to the relevance of Defendants' evidentiary submissions.

### III. Plaintiff's Designation of Information Under Paragraph 4 of the Order

15. In the Order, the Court instructed the parties to provide certain information to the Court, including "any pages containing information identified in paragraphs 3(b)(i) and 3(b)(ii) of the parties' stipulated protective order (doc. 77), personal health information, and schematics of all or any portion of St. Clair Correctional Facility." (Dkt. No. 129 at 3.)

16.     Plaintiff identifies the following information as containing information identified in Paragraphs 3(b)(i) and 3(b)(ii) of the Stipulated Protective Order or personal health information from the documents listed in the Correctional Officials' Exhibit A (Dkt. No. 125-1):

- Cortez Whittington Deposition Transcript at 16:5 (redact date of birth), 23:6–24:20 (redact personal health information),[1] and 174:19–20 (redact full name of ex-girlfriend),[2] including the presence of this information in the index at the end of the transcript;

- Aundra Boykins Deposition Transcript at 9:22–25 (redact social security number), 17:8–9 (redact date of birth), 52:15–18 (redact last name of relative), 52:22–23 (redact phone number of relative), 52:24–53:6 (redact names of relatives), and 234:20–22 (redact last name of relative), including the presence of this information in the index at the end of the transcript;

---

[1]     The information contained therein might not satisfy the technical definition of protected health information under the Health Insurance Portability and Accountability Act of 1996, but Plaintiff nevertheless hereby designates information that would generally be understood to be private health information, including details about medical treatment.

[2]     Paragraph 3(b)(i)(2) of the Stipulated Protective Order uses the phrase "[f]ull names and names of relatives . . ." when defining Confidential Information. (Dkt. No. 77.)  Plaintiff understands this provision to warrant redaction of the last name of individuals with a different last name than the inmate and first names of relatives with the same last name as the inmate.  Alternatively, initials could be used.

- The birth date and/or social security number of Mr. Whittington should be redacted in any filings;

- The birth date and/or social security number of Plaintiff should be redacted in any filings;

- The last name of Plaintiff's relatives should be redacted in any filings;

- Disciplinary information about Plaintiff should be redacted in any filings;

- Disciplinary information about Mr. Whittington should be redacted in any filings;

- Inch Deposition Exhibits 11 & 12 (redact personal health information);

- UAB Medical Records of Plaintiff (redact personal health information); and

- Cortez Whittington's Body Chart (redact personal health information).

\*   \*   \*

17. Plaintiff will evaluate and respond to Defendants' joint renewed motion for leave to file under seal (Dkt. No. 134) before the scheduled hearing on February 15, 2023.

18. Upon Plaintiff's initial review of the Defendants' renewed motion, the breadth of material that the Defendants request to designate as Confidential or Highly Confidential would render the logistics of trying this action in a public courtroom overly burdensome, including frequent removals of Plaintiff from his own trial.

Defendants' insistence on keeping Plaintiff from accessing such a high volume of evidence may indeed impede his ability to assist his counsel in trying his case.[3]

19.    Plaintiff's position is that the majority of evidentiary information that Defendants seek to file in connection with their motions for summary judgment should be accessible to the public, and, at the very least, accessible to Plaintiff.

Dated:  February 13, 2023

/s/ Jennifer S. Garrett
Jennifer S. Garrett
*Admitted pro hac vice*
**AKIN GUMP STRAUSS HAUER & FELD LLP**
One Bryant Park
New York, NY 10036
Telephone: (212) 872-1065
Fax: (212) 872-1002
jgarrett@akingump.com

J.S. "Chris" Christie, Jr. (ASB-3162-H07J)
R. Terrell Blakesleay (ASB-5910-B00U)
**DENTONS SIROTE PC**
2311 Highland Avenue South
Post Office Box 55727
Birmingham, AL 35255-5727
Tel: (205) 930-5100
Fax: (205) 930-5101
chris.christie@dentons.com
terrell.blakesleay@dentons.com

---

[3]    To the extent that Defendants are concerned about certain information about St. Clair Correctional Facility's policies or operations being disseminated in paper form in the prison, Plaintiff's counsel has already offered to agree not to mail or otherwise provide Plaintiff with paper copies of information that Defendants believe would pose a security risk if available on-hand to inmates in prison.

Hyongsoon Kim
*Admitted pro hac vice*
**AKIN GUMP STRAUSS HAUER & FELD LLP**
4 Park Plaza, Suite 1900
Irvine, CA 92614-2585
Tel: (949) 885-4100
Fax: (949) 885-4101
kimh@akingump.com

Molly E. Whitman
Brett M. Manisco
Jessica Ro
*Admitted pro hac vice*
**AKIN GUMP STRAUSS HAUER & FELD LLP**
1999 Avenue of the Stars, Suite 600
Los Angeles, CA 90067-6022
Tel: (310) 229-1000
Fax: (310) 229-1001
mwhitman@akingump.com
bmanisco@akingump.com
jro@akingump.com

*Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 13th day of February, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system.

/s/ *Jennifer S. Garrett*