UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| AUNDRA DEBREL BOYKINS, | ) |
| Plaintiff, | ) |
| v. | ) Case No.: 4:19-cv-01934-ACA |
| JEFFERSON DUNN, *et al.*, | ) |
| Defendants. | ) |

**PLAINTIFF'S RESPONSE AS PARTIAL OPPOSITION TO DEFENDANTS' RESPONSE TO ORDER AND RENEWED MOTION FOR LEAVE TO FILE UNDER SEAL**

Plaintiff Aundra Debrel Boykins ("Plaintiff") files this Response as Partial Opposition to Defendants' Response to Order and Renewed Motion for Leave to File Under Seal (Dkt. No. 134) (the "Renewed Motion"), filed jointly by Defendants John Hamm, Dewayne Estes, Guy Noe, and Marc Walker ("Defendants"). Plaintiff hereby incorporates his Submission Pursuant to the Court's Order (Dkt. No. 135) ("Plaintiff's Submission") and further states as follows:

1.  As stated in Plaintiff's Submission, Plaintiff disagrees with the majority of Defendants' assertions of confidentiality, which Plaintiff asserts are over-designated and do not satisfy the requirements of the Parties' Stipulated Protective Order for heightened protection. (*See* Dkt. No. 77.) Specifically, Plaintiff opposes Defendants' Renewed Motion to the extent Defendants seek to seal documents, in whole or in part,

that do not meet the criteria for (i) a "Confidential" designation as set forth in Paragraph 3(b) of the Stipulated Protective Order, or (ii) a "Highly Confidential" designation as set forth in Paragraph 3(f) of the Stipulated Protective Order.

2. Plaintiff understands that Defendants now designate only certain portions of deposition transcripts and exhibits as relevant to their motions for summary judgment, and thus Defendants seek to file and to have the Court seal only certain portions of these documents. However, Plaintiff will likely rely upon and cite as many or more portions of the deposition transcripts and exhibits—*many* of which are still designated by Defendants as Highly Confidential – Attorneys' Eyes Only.

3. As to Defendants' designations and proposed redactions on the selected portions that they assert are relevant to their motions for summary judgment, Plaintiff cannot respond at this time in full. Defendants filed the Renewed Motion on February 13, 2023, but as of the time of this filing, Defendants have not provided to Plaintiff copies of the documents with proposed redactions highlighted, despite Plaintiff asking Defendants to do so.

4. Plaintiff seeks guidance from the Court as to whether such deposition transcripts and exhibits must be sealed or whether redactions should be used and which redactions would be appropriate. For example, Plaintiff anticipates relying on a number of Standard Operating Procedures and Administrative Regulations that Defendants have designated entirely as Highly Confidential. Plaintiff seeks guidance as to whether these

must be sealed in their entirety or whether redactions should be used and which redactions would be appropriate.

5. For any filed Confidential or Highly Confidential information, Plaintiff asks that redactions be used if practical, rather than filing the entire documents only under seal. Where practical, and where a document contains a mixture of Confidential/Highly Confidential and non-confidential information, the parties should file redacted versions of the documents publicly and "file under seal an unredacted version of the document to the Court and serve an unredacted version of the document on the other parties at the time of filing." (*See* Dkt. No. 77 ¶ 19.)

**Plaintiff's Agreement with Defendants' Designations**

6. Plaintiff agrees with Defendants that the following documents include pages containing information identified in Paragraphs 3(b)(i) and 3(b)(ii) of the Stipulated Protective Order (*see* Dkt. No. 77), personal health information, or schematics of all or any portion of St. Clair Correctional Facility ("St. Clair"):

- Alabama Uniform Incident and Offense Report (CORR002155–56)
- Aundra Boykins's Movement History (CORR04546–48)
- Cortez Whittington's Institutional File (CORR001113–14, CORR001245–47)
- Cortez Whittington's Body Chart (CORR002153)
- UAB Medical Records (CORR011420–011556)

These documents should not be filed entirely under seal. Rather, the Confidential information in these documents should be redacted, and unredacted versions should be filed with the Court and served on the parties at the time of filing.

7.   Other documents, including the deposition transcripts listed by Defendants in Paragraph 4 of the Renewed Motion, also contain information identified in Paragraphs 3(b)(i) and 3(b)(ii) of the Stipulated Protective Order (*see* Dkt. No. 77) and/or personal health information, such as Plaintiff's birth date and the names of and contact information for Plaintiff's relatives in Plaintiff's deposition transcript. Plaintiff has outlined these in Paragraph 16 of Plaintiff's Submission Pursuant to the Court's Order for reference. (Dkt. No. 135 ¶ 16.)

8.   Likewise, Plaintiff agrees that information on page 1 of Exhibit 1 to the deposition of Mark S. Inch should be designated Confidential to the extent it contains personally identifiable information and that such Confidential information should be redacted before filing.[1]

9.   Plaintiff consents to Boykins Deposition Exhibits 6 and 8 being sealed and treated as "Confidential" under the Stipulated Protective Order Paragraph 3(i)(10).

---

[1] Plaintiff has not received Defendants' proposed redactions of this document, but agrees that personally identifiable information should be redacted.

**Plaintiff's Opposition to Defendants' Designations**

10.     In the attached Appendix A, Plaintiff identifies certain of Defendants' designations to which he is opposed but reserves the right to raise additional concerns upon the receipt of Defendants' materials that Defendants seek to file under seal or to be filed with redactions.

11.     As one example, Defendants' stated basis for requesting to seal certain excerpts of the depositions of Warden Guy Noe (Noe Dep. Tr. at 81:13-21; 125:16-20; 126:17-19) and Mark S. Inch (Inch Dep. Tr. at 348:20-361:17) as "Highly Confidential" is that "the information relates to specific confidential security measures at St. Clair" or "specific information regarding the layout of St. Clair" (Dkt. No. 134 ¶ 6).  Information only constitutes "Highly Confidential" information if it meets one or more of the criteria in Paragraph 3(f).  (*See* Dkt. No. 77.)  Defendants have not demonstrated—and have not explained—*how* information in these excerpts satisfies Paragraph 3(f).  Defendants merely suggest that this information is Confidential or Highly Confidential, without explaining.

Dated:  February 14, 2023

>    */s/ Jennifer S. Garrett*
>    Jennifer S. Garrett
>    *Admitted pro hac vice*
>    AKIN GUMP STRAUSS HAUER & FELD LLP
>    One Bryant Park
>    New York, NY 10036
>    Telephone: (212) 872-1065
>    Fax: (212) 872-1002

jgarrett@akingump.com

J.S. "Chris" Christie, Jr. (ASB-3162-H07J)
R. Terrell Blakesleay (ASB-5910-B00U)
**DENTONS SIROTE PC**
2311 Highland Avenue South
Post Office Box 55727
Birmingham, AL 35255-5727
Tel: (205) 930-5100
Fax: (205) 930-5101
chris.christie@dentons.com
terrell.blakesleay@dentons.com

Hyongsoon Kim
*Admitted pro hac vice*
**AKIN GUMP STRAUSS HAUER & FELD LLP**
4 Park Plaza, Suite 1900
Irvine, CA 92614-2585
Tel: (949) 885-4100
Fax: (949) 885-4101
kimh@akingump.com

Molly E. Whitman
Brett M. Manisco
Jessica Ro
*Admitted pro hac vice*
**AKIN GUMP STRAUSS HAUER & FELD LLP**
1999 Avenue of the Stars, Suite 600
Los Angeles, CA 90067-6022
Tel: (310) 229-1000
Fax: (310) 229-1001
mwhitman@akingump.com
bmanisco@akingump.com
jro@akingump.com

*Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 14th day of February, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system.

/s/ *Jennifer S. Garrett*

# APPENDIX A

| Document | Defendants' Request to Seal | Plaintiff's Position on Defendants' Request | Plaintiff's Basis for Opposition |
|---|---|---|---|
| Noe, Guy Dep. Tr. | 81:13-21; 125:16-20; 126:17-19 as Highly Confidential | Opposed | Defendants have not demonstrated how this information qualifies for protection under Paragraph 3(f). This information appears to be information that Plaintiff would have already as an inmate at St. Clair. |
| Inch, Mark Dep. Tr. | 348:20-361:17 as Highly Confidential | Opposed | Defendants have not demonstrated how this information qualifies for protection under Paragraph 3(f). |
| Zawilinski Deposition Ex. 3 (Expert Report of Brian Zawilinski) | Pages 7, 16-18, and 25–26 as Highly Confidential | Opposed | Defendants have not demonstrated how this information qualifies for protection under Paragraph 3(f). |
| Walker Deposition Ex. 4 (Sign-in Roster) | Entire exhibit as Confidential | Opposed | Defendants have not demonstrated why the entire exhibit, containing sign-in information for correctional officers, should be sealed from public view. Plaintiff asserts that the information contained therein does not satisfy the criteria in Paragraph 3. |
| Rion Deposition Ex. 8 (Expert | Pages 8–11 and 12–13 as "Highly Confidential" | Opposed | Defendants produced the information in EJI's First Monitoring Report as |

| Document | Defendants' Request to Seal | Plaintiff's Position on Defendants' Request | Plaintiff's Basis for Opposition |
|---|---|---|---|
| Report of Joseph Rion) | | | "Confidential" (CORR008985 & CORR008989).  Moreover, Plaintiff received this same information from EJI without any confidentiality request from EJI.  Plaintiff's position is that the information contained in the reports from EJI does not rise to the level of warranting sealing from the public, other than the redaction of names of inmates.<br><br>None of the other information present in Mr. Rion's report presents a safety risk that rises to the level of warranting sealing from the public. |
| ADOC Administrative Regulation No. 331 | Entire document as "Highly Confidential" | Opposed | Plaintiff asserts it would be improper to seal the entire document, and Defendants have not demonstrated which aspect(s) of the document contain information sufficient to warrant heightened protection under Paragraph 3(f). |
| December 2, 2017 Duty Post Log | Entire document as "Highly Confidential" | Opposed | Defendants have not demonstrated why this information would warrant protection from the public.  Further, Plaintiff's participation in his case |

| Document | Defendants' Request to Seal | Plaintiff's Position on Defendants' Request | Plaintiff's Basis for Opposition |
|---|---|---|---|
|  |  |  | may require his understanding who was on duty during the day of the incident. |
| St. Clair Standard Operating Procedure No. 31 | Entire document as "Highly Confidential" | Opposed | Plaintiff asserts it would be improper to seal the entire document, and Defendants have not demonstrated which aspect(s) of the document contain information sufficient to warrant heightened protection under Paragraph 3(f). |