FILED
2023 Mar-10  PM 02:09
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

| | |
|---|---|
| AUNDRA DEBREL BOYKINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.:  4:19-cv-01934-ACA |
| | ) |
| JEFFERSON DUNN, *et al.*, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## PLAINTIFF'S MOTION TO EXCLUDE
## UNDISCLOSED EVIDENCE

Pursuant to FRCP 26(a)(2) and 37(c)(1), Plaintiff Aundra Debrel Boykins hereby moves to strike the Declaration of Arnaldo Mercado, Dkt. 141-3, Ex. C, and the arguments based on his testimony, in all filings in support of Defendants Commissioner John Hamm ("Commissioner Hamm"), Warden Guy Noe ("Warden Noe"), Dewayne Estes ("Estes" and, together with Commissioner Hamm and Warden Noe, the "Correctional Officials") and Defendant Marc Walker's ("Walker" and, together with the Correctional Officials, "Defendants") Motions for Summary Judgment, and move for Mr. Mercado to be excluded as a witness in this case.

### I.    RELEVANT FACTS

1.  On May 3, 2021, Plaintiff and Defendants exchanged initial disclosures pursuant to FRCP 26(a), and on August 15, 2022, the Correctional Officials

supplemented their disclosures pursuant to FRCP 26(e).  Mercado was not included in any disclosure from Defendants.

2.  The extended final deadline for disclosure of fact witnesses was October 11, 2022.  Dkt. No. 107.

3. On February 13, 2023, Defendants filed motions for summary judgment.  Dkt. Nos. 132 & 133.  On February 14 and February 20, 2023, Defendant Walker and the Correctional Officials, respectively, filed Memoranda of Law in Support of their Motions for Summary Judgment.  Dkt. Nos. 136 & 142.  On February 17, 2023, the Correctional Officials filed their Evidentiary Submission in Support of their Motions for Summary Judgment (the "Submission").  Dkt. No. 141. The Correctional Officials attached as Exhibit C to their Submission the Declaration of Arnaldo Mercado (the "Declaration"), which was signed on February 14, 2023— just three days before it was filed with the Court and one day *after* the Correctional Officials filed their Motion for Summary Judgment.  Dkt. No. 141-3, Ex. C; Dkt. No. 132.

4.  According to his Declaration, Mercado has been employed by the Alabama Department of Corrections ("ADOC") for eight years and currently serves as Director of Law Enforcement Service Division ("LESD"), formerly known as the Intelligence and Investigations ("I&I") Division of ADOC.  Dkt. No. 141-3, Ex. C ¶¶ 2-3.  Mercado's testimony concerns LESD's role in investigating the December

2

2, 2017 stabbing of Plaintiff Boykins. This stabbing and Defendants' failures to investigate the incident are central to Plaintiff's Section 1983 claims.

5.  Mercado was not known to Plaintiff or undersigned counsel, nor was Mercado ever designated by Defendants as a potential witness.

6.  In addition to Defendants' independent obligation to disclose Mercado pursuant to FRCP 26, Plaintiff also served several discovery requests that would require Mercado's disclosure.  For instance, in Plaintiff's First Set of Interrogatories, served August 26, 2021, Plaintiff requests that Defendants "[i]dentify any and all Persons involved with any investigation into, or related to, the December 2, 2017 Incident culminating in the assault of Mr. Boykins, including for each such Person the dates of the Person's involvement in such investigation and the activities the Person performed in connection with such investigation."  *See* Obj. & Answers to Pl.'s First Set of Interrog. to Def. Dewayne Estes, dated Oct. 4, 2021, at 6, attached hereto as **Exhibit A**; [Answers to] Pl.'s First Set of Interrog. to Def. Marc Walker, dated Sept. 30, 2021, at 4, attached hereto as **Exhibit B**.[1]  None of the Defendants identified Mercado in response to this or any other discovery request at any point. *Id.*

7.  Mercado's name is mentioned several times in the deposition of fact witness Brian Casey and once in the deposition of Defendant Estes, as a highly-

---

[1] Plaintiff served identical interrogatories to all Correctional Officials.

3

ranked LESD employee. The depositions do not indicate that Mercado might be a witness for Defendants.

## II.    ARGUMENT

### A. Courts Normally Do Not Allow Undisclosed Witnesses to Testify.

8.      The ramifications for untimely or inadequate disclosure of an individual likely to have discoverable information are clear: When "a party fails to provide information or identify a witness as required by Rule 26(a) ... the party is not allowed to use that information or witness to supply evidence on a motion ... unless the failure was substantially justified or is harmless."  Fed. R. Civ. P. 37(c)(1); *see also Baxter v. Roberts*, 54 F.4th 1241, 1254 (11th Cir. 2022) (district court did not abuse its discretion in excluding witness testimony where the witness was not timely disclosed); *Jones v. Aaron's Inc*., 748 F. App'x 907, 914 (11th Cir. 2018) (same); *Rigby v. Philip Morris USA Inc*., 717 F. App'x 834, 835 (11th Cir. 2017) (same).  Federal Rule of Civil Procedure 26(a)(1)(A)(i) specifically states that a party must disclose "each individual likely to have discoverable information" and "the subjects of that information."  Fed. R. Civ. P. 26(a)(1)(A)(i).  Additionally, "the disclosing party has a continuing duty to supplement its disclosure upon learning that a previous disclosure was incomplete or incorrect."  *Rigby*, 717 F. App'x at 835 (citing Fed. R. Civ. P. 26(e)(1)(A)).

9.      Where, as here, a party fails to disclose a potential witness prior to the close of discovery, the party may not use that witness's testimony in support of a motion for summary judgment.   *See, e.g., Baxter*, 54 F.4th at 1254; *Rigby*, 717 F. App'x at 835; *Jones*, 748 F. App'x at 914.   In *Baxter*, the plaintiff included a list of several potential witnesses in his initial disclosures.  54 F.4th at 1254.  Over a month after discovery closed, the plaintiff filed a summary judgment motion and accompanying exhibit comprising of a statement from a witness who plaintiff never disclosed.  The defendants in *Baxter* moved to strike this witness statement pursuant to Rule 37.  *Id.*  The motion was granted by the district court and affirmed by the 11th Circuit.  *Id.*

10.     The situation here is nearly identical, and likewise warrants the striking and exclusion of the undisclosed witness's testimony.   The Correctional Officials never identified Mr. Mercado as an individual likely to possess knowledge relevant to the disputed facts in this case during the almost 18 months between serving their initial disclosures and the ultimate close of fact discovery.   Plaintiff only became aware of Mercado's testimony when Mercado's Declaration was filed as an exhibit to the Correctional Officials' Submission, over *four months* after discovery closed. Based on the fact that Mercado signed this Declaration on February 14, 2023, Defendants  apparently  obtained  Mercado's  statement  to  support  otherwise unfounded arguments in their motions for summary judgment.

**B. The Failure to Disclose Mercado Was Not Substantially Justified and Prejudices Plaintiff.**

11.    Furthermore, Defendants cannot establish that the failure to disclose Mercado was "substantially justified" or "harmless." *See, e.g., Thompson v. Pettway*, 2022 WL 1296073, at *1 (N.D. Ala. Apr. 28, 2022), *appeal dismissed*, 2022 WL 4014380 (11th Cir. July 25, 2022) (burden to prove that failure to disclose was substantially justified or harmless rests on the party that failed to disclose) (internal citations omitted).  Exclusion is appropriate where the non-disclosing party "failed to offer a reason why they could not have discovered earlier and timely disclosed the identities of the affiants and the subjects of the information they possessed." *Rigby*, 717 F. App'x at 835.

12.    Mr. Mercado has worked for ADOC for eight years. Dkt. No. 141-3, Ex. C ¶ 2.  The importance of the subject matter of his testimony—Defendants' failure to investigate the December 2, 2017 stabbing of Plaintiff—has been well known to Defendants at least since Plaintiff served his first set of discovery requests on August 26, 2021. *See* **Exhibits A, B**.  Defendants cannot argue that the failure to disclose Mercado was justified.  *See* FRCP 37(c)(1).

13.    An Advisory Committee Note to FRCP 37 explains that "'harmless' [violations] involve[] an honest mistake on the part of a party coupled with sufficient knowledge on the part of the other party." *Moore v. Corp. Facilities Mgmt.*, 2012 WL 4329288, at *4 (N.D. Ala. Sept. 17, 2012) (citing Advisory Committee

Notes, Rule 37(c) (1993 Amendments)). Courts in the Eleventh Circuit also tend to find that failure to comply with Rule 37(c) is harmless "when there is no prejudice to the party entitled to the disclosure." *Little v. City of Anniston*, 2016 WL 7407093, at *3 (N.D. Ala. Dec. 22, 2016).

14.     The obligation to identify Mercado as a purported fact witness rests squarely on Defendants. Defendants cannot argue here that Plaintiff has not suffered prejudice. *See Johnson v. Airbus Def. & Space Inc.*, 2020 WL 1675776, at *2 (N.D. Ala. Apr. 6, 2020), *aff'd sub nom. Johnson v. Airbus Def. & Space Inc*, 858 F. App'x 304 (11th Cir. 2021) (granting motion to strike witness testimony for failure to disclose even where the opposing party was aware of the witness's existence and relevant employment); *Moore*, 2012 WL 4329288, at *4 ("[E]ven if the court assumes that plaintiff's attorney was aware [of the undisclosed witness's relevant position], the court would not expect plaintiff to depose a person that defendant did not intend to use as a witness. Merely having to depose a party on information that should have been disclosed in a Rule 26 Report is a form of prejudice.") (internal citation omitted).

15.     Defendants substantially prejudiced Plaintiff by the unjustified proffering of Mercado's Declaration when Plaintiff has had no opportunity to seek discovery from Mercado. Plaintiff should have had the opportunity to depose Mercado as a potential witness with fair notice such that Plaintiff could develop

record evidence to rebut Mercado's assertions.  *See Baxter*, 54 F.4th at 1255. "Exclusion [of the nondisclosed witness's testimony] is the appropriate remedy" when a litigant is "robbed of that chance," as Plaintiff was here.  *Id.*

16.    Accordingly, Mercado's Declaration should be stricken and excluded pursuant to FRCP Rule 37, and any portion of Defendants' motions for summary judgment filings relying on the Declaration should likewise be stricken.  Dkt. No. 141-3, Ex. C; Dkt. No. 136; Dkt. No. 145.

March 10, 2023

*/s/ Molly E. Whitman*

Molly E. Whitman
Brett M. Manisco
Jessica Ro
*Admitted pro hac vice*
**Akin Gump Strauss Hauer & Feld LLP**
1999 Avenue of the Stars, Suite 600
Los Angeles, CA 90067-6022
Tel: (310) 229-1000
Fax: (310) 229-1001
mwhitman@akingump.com
bmanisco@akingump.com
jro@akingump.com

Jennifer S. Garrett
*Admitted pro hac vice*
Madeleine Freeman
*Pro hac vice application pending*
**Akin Gump Strauss Hauer & Feld LLP**
One Bryant Park
New York, NY 10036
Telephone: (212) 872-1065
Fax: (212) 872-1002
jgarrett@akingump.com

J.S. "Chris" Christie, Jr. (ASB-3162-H07J)
R. Terrell Blakesleay (ASB-5910-B00U)
**DENTONS SIROTE PC**
2311 Highland Avenue South
Post Office Box 55727
Birmingham, AL 35255-5727
Tel: (205) 930-5100
Fax: (205) 930-5101
chris.christie@dentons.com
terrell.blakesleay@dentons.com

Hyongsoon Kim
*Admitted pro hac vice*
**AKIN GUMP STRAUSS HAUER & FELD LLP**
4 Park Plaza, Suite 1900
Irvine, CA 92614-2585
Tel: (949) 885-4100
Fax: (949) 885-4101
kimh@akingump.com


*Attorneys for Plaintiff*

## **<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on this 10th day of March, 2023, I electronically filed

the foregoing with the Clerk of the Court using the CM/ECF system.


/s/ *Molly E. Whitman*