FILED
2023 Mar-16  PM 03:39
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

| | |
|---|---|
| AUNDRA DEBREL BOYKINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: 4:19-cv-01934-ACA |
| | ) |
| JEFFERSON DUNN, *et al.*, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## PLAINTIFF'S PARTIAL OPPOSITION TO THE DEFENDANTS' MOTION FOR REDACTION OF CONFIDENTIAL INFORMATION CONTAINED IN TRANSCRIPT OF MOTION HEARING (FEBRUARY 16, 2023)

Plaintiff Aundra Debrel Boykins ("Plaintiff") hereby partially opposes the ADOC Parties' Joint Motion for Redaction of Confidential Information Contained in Transcript of Motion Hearing (February 16, 2023) (Dkt. No. 153) (the "Motion for Redaction") by Defendants Jefferson Dunn, Guy Noe, Dewayne Estes, and Defendant Mark Walker (collectively, "Defendants"). As grounds for Plaintiff's opposition, Plaintiff states as follows:

1.     Plaintiff objects to the designation of any parts of the transcript as "Highly Confidential." Primarily, Plaintiff's understanding is that Defendants would attempt to exclude Plaintiff from the courtroom during trial when "Highly Confidential" information was included as part of a witness's testimony or in argument. The prejudice to Plaintiff in the eyes of the jury and the interference with Plaintiff's rights

to help his lawyers cannot be overstated.  Because Defendants seek without sufficient basis to have rather mundane information designated as "Highly Confidential," Plaintiff opposes the designation of any of the information identified by Defendants as "Highly Confidential."

2.    On February 15 and 16, 2023, the Court heard arguments from both parties concerning Defendants' Motion for Leave to File Under Seal and Renewed Motion for Leave to File Under Seal (Dkt. Nos. 126, 134) and Plaintiff's Response as Partial Opposition to Defendants' Response to Order and Renewed Motion for Leave to File Under Seal (Dkt. No. 137).  By the conclusion of the hearing, the Court granted Defendants' request to seal in part, limited to the discrete information discussed on the record.  (Dkt. No. 140.)  Plaintiff does not object to the Court also sealing the limited portions of the transcripts where the parties and the Court engaged in in-depth discussion covering the very information that the Court agreed to seal or redact.  (*See* Dkt. No. 153 ¶ 3 (Defendants' designations).)

3.    However, Defendants have moved to designate certain portions of the February 16, 2023 hearing transcript as "Highly Confidential," which Plaintiff opposes. Plaintiff already agreed to Defendants' designation of this material as "Confidential," but disagrees that the information meets the qualifications for the "Highly Confidential" designation.

4.    Defendants have provided no justification for requesting that certain portions of the transcript be designated with the most stringent form of confidentiality protection in this matter, other than their assertions that the Court sealed "similar information," the information presents an unspecified "security concern," and/or the "[t]he Court sealed this content in the ADOC Parties' evidentiary submission." *Id.*

5.    Defendants either misrepresent or misinterpret the extent of the Court's rulings. The Court specifically did not opine on whether the redacted or sealed information contained within Defendants' evidentiary submission was "Confidential" or "Highly Confidential" under the Stipulated Protective Order (Dkt. No. 77), because such issue was not yet brought to the Court.  (Feb. 16, 2023 Hr'g Tr. at 84:1–5.) Moreover, the Court's decision to seal documentary evidence is not the same as a decision to seal discussion concerning that evidence, especially when the discussion does not contain any quoted content from the evidence.

6.    The only meaningful difference between the treatment of "Confidential" and "Highly Confidential" documents and information under the Stipulated Protective Order is whether such documents and information may be shared with the parties.  (Dkt. No. 77 ¶¶ 5, 6.)  The parties are bound by the terms of the Stipulated Protective Order, and therefore, there is no threat that Plaintiff would disseminate unredacted copies of the transcripts or otherwise share the redacted information.

7.    The designated information does not rise to the level of "jeopardiz[ing] the safety and operations of ADOC facilities or the safety of inmates in ADOC's custody if made public."  (Dkt. No. 77 ¶ 6.)  Further, much of the information that Defendants designate as Highly Confidential is information already known to Plaintiff. For example, as Defendants conceded at the hearing, many inmates already know the location where they are transferred after an altercation, particularly given the amount of altercations that occur at the facility.  (*See* Feb. 16, 2023 Hr'g Tr. at 65:12–17.) Given the frequency of inmate-on-inmate violence throughout the Alabama prison system, inmates are also aware of the tools or weapons that correctional officers have at their disposal to handle such incidents.  (*Id.* at 69:20–24, 70:5–6.)

8.    Defendants' over-designation of material as Highly Confidential unreasonably prejudices Plaintiff from meaningfully participating in the litigation of this case.  Such designation restricts Plaintiff from reviewing this information, and Plaintiff's attorneys have not been able to discuss the significance of the information with him.  Plaintiff seeks access to this information to assist his counsel in effectively representing him.

**WHEREFORE**, Plaintiff respectfully requests that the Court deny Defendants' request to designate any portion of the February 16, 2023 as "Highly Confidential" and instead designate the identified material as "Confidential" under the Stipulated Protective Order.

4

Dated:  March 16, 2023

/s/ *Jennifer S. Garrett*
Jennifer S. Garrett (*pro hac vice*)
Madeleine R. Freeman (*pro hac vice*)
**Akin Gump Strauss Hauer & Feld LLP**
One Bryant Park
New York, NY 10036
Telephone: (212) 872-1065
Fax: (212) 872-1002
jgarrett@akingump.com
mfreeman@akingump.com

Molly E. Whitman (*pro hac vice*)
Brett M. Manisco (*pro hac vice*)
Jessica Ro (*pro hac vice*)
**Akin Gump Strauss Hauer & Feld LLP**
1999 Avenue of the Stars, Suite 600
Los Angeles, CA 90067-6022
Tel: (310) 229-1000
Fax: (310) 229-1001
bmanisco@akingump.com
jro@akingump.com

J.S. "Chris" Christie, Jr. (ASB-3162-H07J)
R. Terrell Blakesleay (ASB-5910-B00U)
**Dentons Sirote PC**
2311 Highland Avenue South
Post Office Box 55727
Birmingham, AL 35255-5727
Tel: (205) 930-5100
Fax: (205) 930-5101
chris.christie@dentons.com
terrell.blakesleay@dentons.com

Hyongsoon Kim (*pro hac vice*)
**Akin Gump Strauss Hauer & Feld LLP**
4 Park Plaza, Suite 1900
Irvine, CA 92614-2585
Tel: (949) 885-4100

Fax: (949) 885-4101
kimh@akingump.com

*Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 16th day of March, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system.

/s/ *Jennifer S. Garrett*
Jennifer S. Garrett