IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| **AUNDRA DEBREL BOYKINS,** | ) |
| Plaintiff, | ) |
| v. | ) Case No. 4:19-CV-1934-ACA |
| **JEFFERSON DUNN**, *et al.*, | ) |
| Defendants. | ) |

### RESPONSE TO PLAINTIFF'S MOTION TO EXCLUDE

Defendants Commissioner JOHN HAMM ("Commissioner Hamm") GUY NOE ("Warden Noe") and DEWAYNE ESTES ("Estes" and, together with Commissioner Hamm and Warden Noe, the "Correctional Officials") submit this Response to Plaintiff's Motion to Exclude Undisclosed Evidence. (Doc. 156, the "Motion").

### FACTS MATERIAL TO PLAINTIFF'S MOTION

1. Arnaldo Mercado ("Mercado") serves as the Director of the Law Enforcement Services Division ("LESD"), formerly known as the Intelligence and Investigations Division (or "I&I"), within the Alabama Department of Corrections ("ADOC"). (Doc. No. 141-3 at ¶ 3).

2. As the Director of LESD, Mercado oversees all investigations and reported violations of law relating to ADOC employees, inmates, institutions, and divisions and, where applicable, refers violations to the federal or state prosecutor

1

within the applicable jurisdiction.  (Id. at ¶ 5).

3. On May 3, 2021, the Correctional Officials submitted their initial disclosures, and on August 15, 2022, the Correctional Officials supplemented their initial disclosures.

4. Mercado played no direct role in investigating the events underlying this action.  Brian Casey ("Casey"), an investigator with LESD, investigated the incident.  (Doc. No. 141-3 at ¶11).  Accordingly, Mercado possessed no direct knowledge regarding Plaintiff's claims in this action.  Therefore, the Correctional Officials' initial disclosures listed only Casey as a potential witness but did not list Mercado.

5. After the close of fact discovery, the Correctional Officials received the report of Plaintiff's purported expert, Joseph Rion ("Rion"), on November 9, 2022. (the "Rion Report," doc. no. 141-15, Exhibit 1).  The Rion Report included several purported "recommendations" to reduce inmate-on-inmate violence within St. Clair Correctional Facility.  (Id. at 42).  Rion's recommendations included "the criminal prosecution when feasible of inmates and staff who traffic in contraband."  (Id.). Prior to Rion's recommendation regarding "criminal prosecution," Plaintiff never previously mentioned criminal prosecution in any pleading, any sworn testimony or any other stage of fact discovery in this action, *not a single time*.

6. The Correctional Officials filed the Mercado declaration in support of

their motion for summary judgment specifically to address Rion's purported last-minute recommendation regarding criminal prosecution. As Mercado stated, "like all other law enforcement agencies, LESD can only recommend that a federal or state prosecutor (such as a District Attorney) pursue criminal charges, but the authority and discretion to prosecute any individual for criminal conduct lies solely with the applicable federal or state prosecutor with jurisdiction." (Doc. No. 141-3 at ¶ 7).

7. On March 10, 2023, Plaintiff, without contacting counsel for the Correctional Officials as required in the Court's Initial Order Governing All Further Proceedings (Doc. No. 31 at 10), unilaterally filed the Motion requesting the Court to exclude Mercado's declaration (doc. no, 141-3 at Exhibit C) "and the arguments based on his testimony" contained in the Correctional Officials' Motion for Summary Judgment. (Doc. No. 132 at 1).

<u>ARGUMENT</u>

I. **The Correctional Officials possessed no obligation to disclose Mercado.**

Plaintiff argues that the Correctional Officials failed to include Mercado in their initial disclosures and their responses to Plaintiff's Interrogatories. According to Plaintiff, the Correctional Officials should have disclosed Mercado in response to Interrogatory No. 5, which stated, "[identify] any and all Persons involved with any investigation into, or related to, the December 2, 2017 incident.…" (Doc. No. 156-

2).  Plaintiff is wrong.

From the Correctional Officials' perspective, at the time of their initial disclosures and their supplementation of their initial disclosures, Mercado did not possess discoverable information the Correctional Officials might use to support their defenses (other than for impeachment purposes) based on Plaintiff's pleading and existing discovery.  Fed. R. Civ. P. 26(a)(1)(A)(i); id. at 26(e).  Instead, the Correctional Officials believed from Plaintiff's pleading (which Plaintiff amended four times) and existing discovery that Casey, the LESD investigator directly involved in the investigating the incident who Plaintiff admittedly deposed, had discoverable information they intended to use to support their defenses.  Id.; Doc. No. 156, ¶ 7.  Additionally, the Correctional Officials identified Casey as the person involved in the investigation of the December 2, 2017 incident in response to Interrogatory No. 5, because Casey, in fact, investigated the December 2, 2017 incident on behalf of LESD, not Mercado.  Notably, however, Plaintiff signed a prosecution waiver, stating he did not wish to testify against the inmate who allegedly attacked him, which makes Rion's opinion and recommendation nonsensical.  Nevertheless, under the circumstances at the time of the initial disclosures, the supplementation of those initial disclosures, the answer to Interrogatory No. 5, and the end of fact discovery, the Correctional Officials did not identify Mercado as a person possessing discoverable information they might use to

support their defense or as a person "involved with" the investigation of the "December 2, 2017 incident."  (Doc. No. 156-2).

The Rion Report raised the issue of criminal prosecution of inmates for the first time in this action, and the Correctional Officials submitted the Mercado declaration in direct response to Rion's uninformed, inadmissible recommendations. Plaintiff contends that "[when] a party fails to disclose a potential witness prior to the close of discovery, the party may not use that witness's testimony in support of a motion for summary judgment."  (Doc. No. 156 at ¶ 9).  However, the Correctional Officials could not disclose Mercado prior to the close of fact discovery on **October 11, 2022**, because the Correctional Officials received the Rion Report containing the recommendation concerning criminal prosecution on **November 9, 2022**.  It is axiomatic that, to exclude a potential witness that should have been disclosed at the close of discovery, the party must know the basis (i.e., facts, opinions, and testimony) for the person becoming a potential witness to support the party's claim or defense.  Black Warrior River-keeper, Inc. v. Drummond Co., Inc., No. 2:16-CV-01443-AKK, 2019 WL 2008958, at *2 (N.D. Ala. May 7, 2019)(holding that a non-disclosing party maybe substantially justified if its opponent introduces a new argument.) The Correctional Officials were not aware of Rion's opinion concerning criminal prosecution prior to the close of discovery and, therefore, Plaintiff's argument lacks merit.

Mercado's testimony in his declaration does not concern the facts underlying Plaintiff's claims in this action. Instead, Mercado's testimony (similar to the Correctional Officials' expert report from Mark Inch and Commissioner Hamm's Deposition) responds to and rebuts the contention in the Rion Report that ADOC could or should "prosecute" inmates. The Court in Carr held that testimony that repeats other testimony is harmless and should not be struck. Carr v. Autozoner, LLC., 501 F.Supp.3d 1237, 1241 (N.D. Ala. 2020). Mercado's declaration and testimony demonstrate a defect in Rion's Report and apparent recommendation concerning criminal prosecution and, as such, Mercado's statements constitute classic rebuttal and/or impeachment evidence. Fed. R. Civ. P. 26(a)(1)(A).

Rion's contention in his Report was unexpected because the facts of this action reveal that Plaintiff waived prosecution of his alleged attacker. Indeed, Rion's recommendation demonstrates his fundamental lack of understanding of the role of ADOC (and its LESD) in criminal prosecutions. Consistent with Mercado's declaration, ADOC (including its LESD and the Correctional Officials) lacks the authority to prosecute any inmate for a crime, even crimes committed within an ADOC facility. (Doc. No. 141-2, Declaration of John Hamm at 9-10 ¶ 23). Instead, ADOC's investigators at LESD—like Casey—investigate incidents within ADOC prisons and refer suspects involved in those incidents to prosecutors with appropriate jurisdiction (ex. a United States Attorney's Office or a District Attorney's Office).

(Doc. No. 141-3 at ¶ 7). As such, any decision whether or not to prosecute an inmate for a crime committed within an ADOC facility rests with these prosecutors and not with ADOC, LESD, or the Correctional Officials. (Id.).

## II.     Mercado's testimony does not harm Plaintiff.

Plaintiff claims Mercado's testimony prejudiced him. (Doc. No. 156 at ¶ 15). But, Plaintiff fails to explain the prejudice he purportedly suffered. Plaintiff cannot possibly claim any surprise about Mercado. Plaintiff admits multiple deponents identified Mercado as a high-ranking LESD official. (Doc. No. 156 at ¶ 7).[1] And, Mercado's role for ADOC and within LESD is prominently displayed on ADOC's publicly available website. See Ala. Dep't of Corrs., About Us, Executive Leadership, available at http://www.doc.state.al.us/Executives (last visited Mar. 22, 2023). Plaintiff's actual or feigned ignorance of Mercado arises from failures during the discovery process, not the Correctional Officials' failure to disclose or otherwise identify Mercado.

Under Rule 37, "[i]f a party fails to ... identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that [ ] witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is

---

[1] Additionally, Counsel for the Corrections Officials reserved the right to, "use or rely upon witness testimony or information provided by individuals identified by any party in initial disclosures, or discovery responses, depositions, or later discovery in this action to support their defense." (Exhibit A, Defendant's Supplemental Disclosures at 11). Furthermore, Counsel for the Corrections Officials reserved the right to call "any witness for rebuttal or impeachment purposes." (Id.)

7

harmless." Fed. R. Civ. P. 37(c)(1)(emphasis added).  When evaluating whether a non-disclosing party suffered harm, the Court examines three factors: (1) importance of the testimony; (2) the reason for the failure to disclose; (3) the prejudice to the non-moving party.  Carr at 1240 (N.D. Ala. 2020).  Plaintiff claims that Mercado's testimony has violated the third element above but does not point to any specific prejudice he has suffered.

Plaintiff contends Mercado's declaration contains "unfounded arguments." (Id. at ¶ 7).  Plaintiff fails in his Motion, however, to identify these purportedly "unfounded arguments."  To the contrary, Mercado's declaration provides evidence of two (2) primary points: (1) LESD's role in criminal prosecutions, and (2) Plaintiff signed a prosecution waiver authenticated by Mercado.  Two (2) points Rion apparently refuses to understand or accept in making his "unfounded arguments" in the Rion Report.  The only "unfounded arguments" in this action are those proffered by Plaintiff through his putative "expert," Rion.

Neither Plaintiff nor his expert can possibly refute or dispute the two (2) points made by Mercado in his declaration.  LESD's role in prosecution is well-defined and concrete.  (Doc. No. 141-2 at 9-10 ¶ 23).  Plaintiff received the prosecution waiver during the discovery process and Plaintiff answered questions about it during his deposition.  (Doc. No. 141-10 at Exhibit J, Depo. of Aundra Boykins, at 211). Moreover, Mark Inch—one of the Correctional Officials' experts—provided support

for LESD's prosecution authority in his report. (Doc. No. 143-1 at Exhibit T, Mark Inch's Expert Report, at p. 15).

The Correctional Officials cite to and rely on Mercado's declaration a mere nine (9) times in their 50-page brief. (Doc. No. 142 at 7, 11, 12, 28, 34). Of those nine (9) citations, only four (4) of those citations stand alone. (Id. at 11-12). Each of the four (4) standalone citations establishes the irrefutable fact that LESD lacks prosecutorial authority, which directly refutes Rion's mistaken and absurd recommendation in his Report concerning the criminal prosecution of inmates. (Doc. No. 141-15 at Exhibit 1, p. 42). That is, Mercado's testimony provides simple, foundational information about ADOC's role within the judicial system. No amount of discovery or cross-examination could possibly change the authority of ADOC or its LESD and the Correctional Officials within Alabama's judicial system.

Testimony from other witnesses also supports the five (5) remaining citations to purportedly "unfounded arguments" in the Correctional Officials' brief. (Doc. No. 145 at 13, 34, 40). Notably, the first citation (id. at ¶ 26) constitutes a typographical error by the Correctional Officials. Instead of the Mercado declaration (doc. no. 141-3 at Ex. C), this first citation to Mercado's declaration should have referenced the Whittington declaration (doc. no. 141-4 at Ex. D). Next, the citations to Mercado's declaration on page 34 of the Correctional Officials' brief support the fact that ADOC already possesses a procedure for "in-house investigations" and

9

already refers incidents to "outside local law enforcement agencies." (Doc. No. 146 at 34)(Doc. 143-1 at 15 ¶ 2)(stating, "the LESD has both a policy and practice of investigating and forwarding cases to the servicing District Attorney). Finally, the last citation to Mercado's declaration at page 40 of the Correctional Officials' brief is supported by Mark Inch's testimony regarding the ineffectiveness of prosecuting inmates for contraband. (Doc. No. 146 at 40)(Doc. 143-1 at 15 ¶ 2)(see also, Doc. No. 141-2 at 9-10 ¶ 23). As such, Plaintiff cannot identify any portion of Mercado's testimony causing surprise or prejudice, much less any testimony Plaintiff could negate or counter if aware of Mercado during the discovery process. Because no prejudice accrues to Plaintiff through use by the Correctional Officials of Mercado's declaration, Plaintiff's Motion fails and must be denied.

## CONCLUSION

For the foregoing reasons, the Correctional Officials respectfully request this Court deny Plaintiff's Motion.

Dated:  March 24, 2023.

/s/ William R. Lunsford
William R. Lunsford
*One of the Attorneys for the Correctional Officials*

William R. Lunsford
Matthew B. Reeves
M. Landon Whatley
**MAYNARD, COOPER & GALE, PC**

655 Gallatin Street
Huntsville, AL 35801
Telephone: (256) 551-0171
Facsimile: (256) 512-0119
blunsford@maynardcooper.com
mreeves@maynardcooper.com
lwhatley@maynardcooper.com

# CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served upon all attorneys of record in this matter, including without limitation the following, by the Court's CM/ECF system and/or U.S. Mail on this 24th day of March, 2023:

J.S. "Chris" Christie, Jr. (ASB-3162-H07J)
Robert T. Blakesleay (ASB-5910-B00U)
**SIROTE DENTONS, P.C.**
P.O. Box 55727
Birmingham, AL 35255
Telephone: (205) 930-5100
Facsimile: (205) 212-2834
chris.christie@dentons.com
tblakesleay@sirote.com

Molly E. Whitman, *pro hac vice*
Brett M. Manisco, *pro hac vice*
Jessica Ro, *pro hac vice*
**AKIN GUMP STRAUSS HAUER & FELD LLP**
1999 Avenue of the Stars
Suite 600
Los Angeles, CA 90067
Telephone: (310) 728-3342
Facsimile: (310) 229-1001
mwhitman@akingump.com
bmanisco@akingump.com
jro@akingump.com

Hyongsoon Kim, *pro hac vice*
**AKIN GUMP STRAUSS HAUER & FELD LLP**
4 Park Plaza, Suite 1900
Irvine, CA 92614
Telephone: (949) 885-4100

Jennifer S. Garrett, *pro hac vice*
Madeleine R. Freeman, *pro hac vice*
**AKIN GUMP STRAUSS HAUER & FELD LLP**
One Bryant Park
New York, NY 10036
Telephone: (212) 872-1065
jgarrett@akingump.com

*Attorneys for Plaintiff*

Benjamin Albritton
Assistant Attorney General
**OFFICE OF THE ATTORNEY GENERAL**
501 Washington Avenue
Montgomery, AL 36130
Telephone: (334) 353-4484
Facsimile: (334) 353-8400
Ben.albritton@alabamaag.gov

*Attorney for Defendant Marc Walker*

9

Facsimile: (949) 885-4101
kimh@akingump.com

*/s/ William R. Lunsford*
Of Counsel